## L. FORD'S *Executors v.* JOHN H. CHENEY.

### *Evidence.   Witness.*

In an action of ejectment the defendant claimed to be rightfully in possession under a contract or arrangement with the testator.   The widow and executrix of the testator, one of the plaintiffs, as a witness testified to a certain conversation she had with the defendant soon after her husband's death, *and before the will was proved,* which tended to show that said alleged contract or arrangement was not such as the defendant claimed it to be.   The defendant offered himself as a witness to contradict that testimony, and to show what in fact was said between them.   *Held,* that he was not a competent witness for that purpose, being within the proviso of sec. 24, ch. 86, General Statutes.

THIS was an action of ejectment.   Plea, the general issue, and trial by the court at the September Term, 1866, WILSON, J., presiding.   The only question raised in the bill of exceptions relates to a decision of the county court excluding the defendant as a witness,— to which the defendant excepted.   The facts are substantially stated in the opinion of the court.

*J. I. Deavitt* and *H. S. Royce,* for the defendant.

The defendant should have been admitted to testify as to his *alleged* admissions made after the death of the intestate.

The object and purpose of 'the statute (Gen. Stat., p. 327, § 24,) was to protect the heirs, *bona fide* creditors and others interested in the estates of deceased persons from unfounded claims, whether presented against the estate or alleged by way of defence to claims due to the estate.

The *evil* under the old law was that by reason of the death of an " original party " to a " cause of action " or contract, his representa tives often labored under a disadvantage in reference to proof.   The statute was designed to remedy this evil, and was not designed for anything else.

The provisions of the act indicate that its leading purpose was to place the parties on an equal footing as to the proofs.

The " acts and contracts " mentioned in the exceptions, must be understood as relating to a " cause of action or contract " to which " *one of the original parties* " is dead, yet the parties to such *acts and*

11

*contracts* are made witnesses.   The exceptions were *evidently* designed to prevent any advantage by the representatives of the estate.   And thus is shown the intention to place the parties on an equality as to the proofs.   *Bryne* v. *McDonald*, 1 Allen, 293 ;  *Little* v. *Little*, 13 Gray, 264 ; *Brown* v. *Braighman*, 11 Allen, 226.

Until the probate of the will, there was no person who could legally do any act or make any contract.   Angell on Lim. 54–5.

To reject the testimony of the defendant as to admissions alleged to have been made by him after the death of the intestate, would be giving the other party an undue advantage, the consequences of which can readily be anticipated.

An action against an administrator on a note by his intestate could be defeated by alleged admissions made after the death of the intestate, and sworn to by the administrator, who is generally, as in this case, the party in interest.

*Edson & Rand*, for the plaintiffs.

The bill of exceptions find that Ford leased the premises to the defendant, by verbal lease, from March 1st, 1863, for one year, for a rent reserved of $200. and all taxes, and at the end of that year extended the lease for another year to March 1st, 1865, upon the same terms ;  that Ford died in July, 1864, and that the defendant paid the rent for both years except about $65.00 of the taxes.   And that the defendant was the lessee of the premises ; consequently the defendant was holding over after the termination of his lease by its own limitation, without right.   The Statute, p. 360, §§ 22 and 23, gives this action to recover possession.

Was the defendant a competent witness to prove the contract with Ford, or contradict Mrs. Ford who testified to what the defendant told her the contract was, and how he was holding before the probate of the will ?

The General Statutes, p. 327, § 24, place the defendant in the same position as parties were before they were made witnesses and as at common law.

If the defendant can be a witness to contradict Mrs. Ford, and to testify that he did not so state to her the contract, then he must be

permitted to state what contract he did make with Ford ; and to testify what he did tell Mrs. Ford, as well as what he did not tell her.   See *Bryne* v. *McDonald*, 1 Allen, 293 ; *Little* v. *Little*, 13 Gray, 264 ; *Smith* v. *Smith*, 1 Allen, 231 ; 2 Allen, 328 ; Gen. Stats. of Mass. 673 ; *Hulett's Adm'r* v. *Hulett*, 37 Vt. 587 ; *Fitzsimmons* v. *Southwick*, 38 Vt. 509.

The opinion of the court was delivered by

BARRETT, J.   The only point that is brought in question by the excepting party, is as to the competency of the defendant, as a witness, to testify to certain facts.

The plaintiffs are executors of said Ford, and have brought eject-ment, before a justice of the peace, for lands of which the testator had the absolute title by virtue of decree of foreclosure of the court of chancery.   The defendant, the original owner and mortgagor, had remained in possession, under some contract or arrangement with the testator, after the decree became absolute, and after the decease of the testator.   This action was brought by the executors.   The defendant bases his defence upon his being rightfully in possession, in virtue of said contract or arrangement with the testator.   Mrs. Ford, widow and executrix of the testator, now one of the plaintiffs, as a witness, testified to a certain conversation she had with the defendant soon after her husband's death, and before the will was proved, which bore directly on the issue as to said alleged contract or arrangement, and tended to show that it was not such as the defendant claimed it to be.   The defendant offered himself as a wit-ness to contradict that testimony of Mrs. Ford, and to show what, in fact, was said between them.

The county court, on objection, held that he was not competent for that purpose ; and hence the question now to be decided.   To the contract and cause of action in issue, the testator and the defend-ant were the original and only parties.   The testator was dead.   No person was living and competent to testify with whom the contract in issue was originally made.   The acts and contracts about which he proposed to testify, whether originally done and made with the testa-tor, or with Mrs. Ford, were not done or made after the probate of

the will.  Now the statute says, " where an executor or administrator is a party, the other party shall not be admitted to testify in his own favor, unless the contract in issue was originally made with a person who is living and competent to testify, except as to such acts and contracts as have been done or made since the probate of the will, or the appointment of the administrator."  This language is perfectly explicit, and precludes all ambiguity, and is not inconsistent with any other provisions either of statute or common law.  There is then no province for construction, or for considerations of policy.  It is the duty of the court to administer it as it is written, when there is nothing to show that the legislature failed of making it speak what was designed by it.

The judgment is affirmed.